IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BRENT A. ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2910-JDT-cgc |
| | ) | |
| TENNESSEE MENTAL HEALTH | ) | |
| CONSUMERS' ASSOCIATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 21, 2013, Plaintiff Brent A. Rowan, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on the form used for commencing an action pursuant to 42 U.S.C. § 1983. (Docket Entry 1.) The Clerk shall record the Defendants as the Tennessee Mental Health Consumers' Association ("TMHCA") and the Beers-Van Gogh Center for Excellence. In response to an order issued by United States Magistrate Judge Charmiane G. Claxton on December 13, 2013 (D.E. 2),[1] Plaintiff filed two motions to proceed *in forma pauperis* (D.E. 3 & 6). On February 20, 2014, Magistrate Judge Claxton issued an order granting leave to proceed *in forma pauperis* and a Report and Recommendation ("R&R") in

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

which she recommended the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 7.) Objections to the R&R were due within fourteen days. However, Plaintiff has filed no objections.

In his complaint, Plaintiff alleges that on July 17, 2013, he was placed at the Beers-Van Gogh Center for Excellence by Oddye Fisher, M.S., of the Frayser Family Counseling Center. The Beers-Van Gogh Center is owned and operated by the TMHCA.[2]  Plaintiff alleges that "the property is designed for the tenants, staff and non-residents to reversely discriminate after receiving complaints." (D.E. 1 at 2.) He alleges that he was often "slurred and followed by the non residents" and that he was "backlashed by staff on 11-17-2013." (Id.) He states that "[b]ecause the Americans with Disabilities Act has been violated by BVG," he has "decided to move to a new residence during January 2014." (Id.)

Magistrate Judge Claxton has recommended the complaint be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted. Specifically, Magistrate Judge Claxton found that Plaintiff has failed to alleged how the Defendants acted under color of state law or how the Defendants violated his rights under the Constitution and laws of the United States.[3]  Having reviewed the complaint and the law, the Court agrees with that recommendation. The issuance of a more detailed written opinion is unnecessary. Therefore, the Court ADOPTS

---

[2] *See* www.tmhca-tn.org/about/.

[3] The TMHCA and the Beers-Van Gogh Center are private, non-profit entities.  *See* www.tmhca-tn.org/about/.  In general, purely private parties are not subject to liability under 42 U.S.C. § 1983.  *See* Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999).

the R&R and hereby DISMISSES this case for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[4]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.